**UNITED STATES of America, Plaintiff,**

v.

**Silvestre MAYORQUI–RIVERA, Defendant.**

**Criminal Case No. 10–cr–00164–REB–02**

United States District Court, D. Colorado.

Signed April 3, 2015

Mary M.J. Jo Menendez, Robert E. Mydans, U.S. Attorney's Office, Denver, CO, for Plaintiff.

Kathryn J. Stimson, Kathryn J. Stimson, Attorney at Law, Patrick J. Burke, Patrick J. Burke, P.C., David Arthur Lane, Denver, CO, for Defendant.

## ORDER

Blackburn, United States District Judge.

The matter is before me on the **Opposed Motion To Endorse Richard Santiago as Advisory Witness for Silvestre Rivera** [# 1056],[1] filed April 2, 2015. I heard the motion on April 3, 2015, and took it under advisement. At the hearing, the government presented its oral response to the motion and the defendant, Silvestre Riv-

era, presented his oral reply. In fashioning my ruling, I have carefully considered the following: (1) all relevant adjudicative facts of record; (2) all relevant facts to which there is no express or implied objection; and (3) all reasons stated, arguments advanced, and authorities cited by Mr. Rivera and the government in their papers and oral presentations. I now deny the motion on both procedural and substantive grounds.

## I. The Motion Is Procedurally Deficient

■ Procedurally, the motion—filed on the eve of trial—is woefully and inexplicably out of time. The extant trial preparation conference order provides expressly that "regardless of how denominated, non-CJA motions shall not be filed out of time without leave of court." **(Third Trial Preparation Conference Order** at 1–2 [# 952], filed November 3, 2014 (footnotes omitted).) Mr. Rivera has not sought such leave here, let alone provided any explanation for the extraordinarily belated timing of the motion. The motion is subject to denial on this basis alone.[2]

## II. The Motion Is Substantively Deficient

■ Nevertheless, the motion fails substantively as well. Mr. Rivera asks that his severed co-defendant, Richard Santiago, be permitted to be present throughout the trial as a so-called advisory witness. Mr. Rivera seeks this relief under Fed.

---

1. "[# 1056]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

2. In his oral reply at the hearing, counsel for Mr. Rivera attempted to rely also on the entirety of his earlier *ex parte* proffer to the court, made in connection with his request that I order the Bureau of Prisons to allow

face-to-face meetings between Messrs. Rivera and Santiago, both of whom were then housed at the federal Supermax facility. I denied that motion, and am neither required nor inclined to peruse the record yet again to determine what—if anything—therein might substantiate and support Mr. Rivera's arguments here. Regardless, all the same reasons set forth in that order are apposite to the resolution of this motion.

R.Evid. 615, which governs the sequestration of witnesses:

> Because a court may only decline to grant a party's request to sequester particular witnesses under one of the Rule 615 exemptions, the rule carries a strong presumption in favor of sequestration. The party opposing sequestration therefore has the burden of demonstrating why the pertinent Rule 615 exception applies ... and why the policy of the Rule in favor of automatic sequestration is inapplicable in that situation.

*United States v. Jackson,* 60 F.3d 128, 135 (2nd Cir.), *cert. denied,* 516 U.S. 980, 116 S.Ct. 487, 133 L.Ed.2d 414 (1995), *and cert. denied,* 116 S.Ct. 951 (1996), *and cert. denied,* 516 U.S. 1165, 116 S.Ct. 1057, 134 L.Ed.2d 201 (1996) (citation and internal quotation marks omitted).

Mr. Rivera claims that Mr. Santiago's presence is required under Rule 615(a) because Mr. Santiago is a party or, alternatively, under Rule 615(c) because Mr. Santiago's presence is essential to the defense. Relevantly, Rule 615 provides:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
>
> (a) a party who is a natural person;
>
> . . . .

(c) a person whose presence a party shows to be essential to presenting the party's claim or defense;

. . . .

FED. R. EVID. 615. I find and conclude that Mr. Rivera's request fails under both of these prongs of Rule 615.[3]

### A. Rule 615—Mr. Santiago Is Not A Witness

▆ Initially, I note that it is dubious whether Rule 615 applies to Mr. Santiago at all. The first sentence of the rule expressly limits the application of the rule to witnesses—that is, to persons who will testify or reasonably are likely to testify at trial.[4] On its own terms, Rule 615 does not apply to persons who will not testify at trial or are not likely to testify at trial because such persons are not witnesses. At the hearing, the government stated that it does not intend to call Mr. Santiago as a witness, and counsel for Mr. Rivera relayed his understanding that Mr. Santiago will not testify even if called by the defense. Thus, it is not pellucid that Mr. Santiago is a witness to whom Rule 615 is even applicable.

### B. Rule 615—Mr. Santiago Is Not A Party

▆ Regardless, and assuming *arguendo* that Mr. Santiago is a witness to whom

---

**3.** Although Mr. Rivera posits that the presence of Mr. Santiago also implicates his due process rights, he completely fails to explain or develop this argument. I decline to address such inadequately developed arguments. *See Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 679 (10th Cir.1998),

**4.** The Second Circuit's opinion in *United States v. Jackson* reinforces my conclusion in this regard. There, the court suggested that the following factors were relevant in determining a motion for exception to the rule of sequestration under Rule 615: (1) whether the testimony in question will involve controverted and material facts; (2) whether the information in question is ordinarily subject to tailoring, such that cross-examination or other evidence could bring to light any deficiencies; (3) the extent to which the testimony of the witness in question is likely to encompass the same issues as that of other witnesses; (4) the order in which the witnesses will testify; (5) any potential for bias that might motivate the witness in question to tailor his testimony; and (6) whether the presence of the witness is essential rather than simply desirable. *Jackson,* 60 F.3d at 135. Clearly, these factors all contemplate that the person sought to be exempted from sequestration will be a witness in the trial.

Rule 615 may be applicable, the record does not support the relief sought by Mr. Rivera with regard to Mr. Santiago. Concerning Rule 615(a), Mr. Santiago is not a party, as that term is used in Rule 615(a). Although counsel acknowledged at the hearing that this appears to be an issue of first impression, I have no trouble in concluding that Mr. Santiago is not a party to Mr. Rivera's case as that term is used in the rule.

The term "party" is a term of art in law, and " 'parties' includes all persons who are directly interested in the subject-matter in issue, who have a right to make defense, control the proceedings, or appeal from the judgment." The Law Dictionary (featuring Black's Law Dictionary Free Online Legal Dictionary, 2nd ed.), *What Is a Party?* (available at http://thelawdictionary.org/party/) (last accessed April 3, 2015). "[I]t is understood he or they by or against whom a suit is brought ....and all others who may be affected by the suit, indirectly or consequentially, are persons interested, but not parties." *Id.* Although Mr. Santiago and Mr. Rivera were charged as co-defendants, their trials have been severed (on motion of Mr. Rivera himself). At Mr. Rivera's trial, Mr. Santiago has no right to present evidence, to cross-examine witnesses, or to participate in the defense. Mr. Santiago will have no right to appeal from any ruling adverse to Mr. Rivera. Rather, the trial of Mr. Santiago will be conducted in an entirely separate proceeding. To the extent Mr. Santiago is interested in Mr. Rivera's trial because it involves the same events that will be at issue in Mr. Santiago's trial, that interest is insufficient to make Mr. Santiago a party to Mr. Rivera's trial within the meaning of Rule 615(a).

### C. Rule 615—Mr. Santiago Is Not Essential

■ Mr. Rivera also has failed to demonstrate that Mr. Santiago is "essential" to

his defense, as required to invoke the exception of Rule 615(c) (and again, indulging the assumption that Mr. Santiago is a witness at all). Mr. Rivera argues that Mr. Santiago is essential to his defense because Mr. Santiago has unique knowledge of the culture and history of both the prison inmates present and the prison guards on duty at the time of the events at issue in this case. In the view of Mr. Rivera, Mr. Santiago's knowledge in this regard is crucial to his ability to cross-examine adequately prison officials who will testify at trial about the events in question.

I disagree. Whether Mr. Rivera is found guilty of murder at his trial will hinge on his own knowledge of events and his role in those events. Thus, only that within the knowledge of Mr. Rivera is relevant to understand and explain what he did and why he did it. As to that knowledge, only Mr. Rivera is essential. Contrastingly, not only is Mr. Santiago not essential for that critical information or purpose, he is superfluous. Indeed, what Mr. Santiago knew or did at any time is irrelevant unless Mr. Rivera's and Mr. Santiago's knowledge was coextensive, and, if such is the case, then Mr. Santiago clearly is not essential in any event. Instead, it is Mr. Rivera himself who is uniquely positioned to advise and assist his counsel on these relevant and determinative issues.

Otherwise, aside from mere assertions, conclusions, and generalizations, Mr. Rivera has not posited even one concrete hypothetical in which Mr. Santiago is either uniquely necessary or uniquely able to advise counsel for Mr. Rivera on any matter of relevance. At the hearing, counsel for Mr. Rivera suggested that Mr. Santiago had unique knowledge of the customs and practices of inmates at the ADX, mat-

ters of which Mr. Rivera—who had only been reassigned to that facility one week prior to the incident—was not aware. However, it is Mr. Rivera's very lack of knowledge of these matters that makes them irrelevant to any issue of consequence in this case. Thus, Mr. Santiago's knowledge *vel non* is not essential to any matter touching on such issues as what the BOP knew or should have known; whether the policies and practices of the BOP were reasonable and sufficient; whether the BOP was adequately staffed; or whether the BOP's response was timely and adequate is not essential. All such issues flunk the test of relevance and admissibility under Fed.R.Evid. 401, 402, 403, and 602 because they have not been shown to be within Mr. Rivera's personal knowledge at the relevant time, and, thus, by definition could not have played any role in what he did and why.[5] Moreover, if they were within Mr. Rivera's personal knowledge, the superfluity of Mr. Santiago's assistance would be *a fortiori*.[6]

### III. CONCLUSION & ORDER

The motion of Mr. Rivera is procedurally deficient and is denied on that basis. In addition, the motion is substantively deficient because the presence of Mr Santiago in the courtroom at the trial of Mr. Rivera is not warranted under any aspect of Rule 615 The motion also is denied on these substantive grounds.

THEREFORE, IT IS ORDERED that the Opposed Motion To Endorse Richard Santiago as Advisory Witness for Silvestre

Rivera [# 1056], filed April 2, 2015, is denied on both procedural and substantive grounds.

---

**5.** The only manner in which such issues might become relevant is if Mr. Rivera can make a good faith proffer that a qualified medical expert can and will testify at trial that the timing of the response of the BOP caused Mr. Torres's death, *i.e.*, that but for the delayed response, Mr. Torres would not have died. I am dubious that such a proffer can be made.

**6.** Having found that Mr. Santiago is not essential within the meaning of Rule 615(c), any security concerns attendant to his presence in the courtroom likewise become irrelevant. Moreover, as a result, Mr. Rivera's arguments going to the allegedly inconsistent positions taken by the government as to security concerns in this case are likewise irrelevant.